REFORMATION CASE NUMBER: 7:23-CV-00057-DC
CONCUR CASE NUMBER: MO-23-CV-00048 —

FILED
May 01, 2023
CLERK US, DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____KG_____
DEPUTY

UNITED STATES DISTRICT COURT

7:23-cv-070   OF LAW

WESTERN DISTRICT COURT OF TEXAS
UNITED STATES COURTHOUSE
MIDLAND / ODESSA DIVISION

Within sufficient judicial law for the advisory in 394 S.W. 3d pgs. 1-293
[Ct. R-1] COURT RULES

Rule 507.4. Issuance of Writs

Every writ from the Justice courts must be in writing and be issued and signed by the Judge officially. The style thereof must be "the State of Texas." It must, except where otherwise specially provided by law or these rules, be directed to the person or party upon whom it is to be served, be made returnable to the court, and note the date of it's issuance.

It is of relevance to align the adjustment of the Federal Securities deficit in the docket case no. 13-18-0410-CR of the preceding "fraud misconstrued" on 8/5/21 that I, "Saints Infante" substantiated of law to claim during the district court proceeding that "I AM DISABLED" for the concur

adjudication in establishing the affirm-
ation. Substantial law of Document:
Texas Civil Practice And Remedies Code
§ 16.065. [This doc. is current through the 2021 Regular
Session of the 87th legislature, 2021 1st Called Session,
2021 2nd Called Session, 2021 3rd Called Session, and the
2021 & 2022 ballot propositions.] Texas Statutes
And Codes Annotated by LexisNexis® of Civil Practice
and Remedies Code in Title 2 Trial, Judgment, and
Appeal of Subtitles A-D of Subtitle B. Trial
Matters in Chs. 15-30 for Ch. 16. Limitations
of Subchs. A-D of Subchapter D. Miscellaneous
Provisions §§ 16.061.-16.072.
Sector § 16.065. Acknowledgment of Claim.
An acknowledgment of the justness of a claim
that appears to be barred by limitations is
not admissible in evidence to defeat the
law of limitations if made after the time
that the claim is due unless the acknowledg-
ment is in writing and is signed by the
party to be charged.
The parties to be charged is "Justin W. Low"
300 N. Grant Ave Odessa, Texas 79761-5162
[Aug. 2021] B.J. Brown; malpractice and
HISTORY: Enacted by Acts 1985, 69th leg., ch.959 (S.B.797), §1, eff. 9/1/85

Don R. Fletcher "307 N. Grant Ave Odessa, Texas 79761-5117 ["John Smith" 300 N. Grant Ave. Rm 338 Odessa, Texas 7976["Retired"] of 2019 documented of doctrine also applicable to one who through his own negligence has contributed to "alteration" of a negotiable instrument: U.C.C. § 3-406. [Uniform Commercial Code § 3-406.]

AFFIRM: SECRETARY OF STATE CERTIFICATION #: [802642 873] The "Chavez Law Firm", Brian Chavez that instrumented of fraud by embezzlement with the Fred Loya Ins. Company (close-out) transmission of 2018. To utilize of unauthorized signature whom made without actual, implied, or apparent authority that is included of forgery: U.C.C. § 1-201(43).

Tex. Civ. Prac. And Rem. Code Ann. § 16.065 states that an acknowledgment of the justness of a claim will defeat the bar of limitations only if it is in writing and signed by the party to be charged; despite that section's requirement of a writing, the weight of authority indicates that an oral promise to repay a past due debt if the promise is made before an action on the debt is barred by the statute of

limitations period, it can create a valid contract which will support an action by the creditor after the limitations period has expired as to the original debt. [ref; Fuqua v. Fuqua, 750 S.W. 2d 238, 1988 Tex. App. LEXIS 1291 (Tex. App. Dallas Mar. 9, 1988]

Time Limitations, Statute of Limitations

The four-year limitations period prescribed by Tex. Civ. Prac. & Rem. Code Ann. § 16.004 begins to run against an action to enforce a new promise to pay on the date set for repayment under the new promise.

Preclusion of Judgments, Res Judicata

The doctrine of "res judicata" precludes subsequent litigation not only of issues that were actually adjudicated in the previous cause of action which could have been adjudicated in that other suit.

Plausible for the affirmation in docket case no. B-18-0410-CR on Aug. 24, 2017 that "Saints Infante" of Representative Capacity as an agent holds in relation to the principal which should be indicated on any instrument signed for the principal so that as agent "avoids personal liability U.C.C. §§ 3-403 (2) AND (3)." I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge."  _____     DATE: April 24, 2023

INFANTE, SAINTS
23749 46 HAM. INST.
200 Lee Morrison Ln.
Bryan, Texas
77802 RECEIVED

MAY 0 1 2023

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____DEPUTY

OFFICIAL
BUSINESS

NORTH HOUSTON TX 773
'23 MAR 2023 PM 2 L

DISTRICT CLERK, DEP.
U.S. DIST. COURT OF LAW
WESTERN DIST. OF TEXAS
UNITED STATES COURTHOUSE
200 EAST WALL ST. ROOM 222
MIDLAND, TEXAS 79701-5217