UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| SAINTS INFANTE § <br> § <br> vs. § <br> § <br> JUSTIN W. LOW, B.J. BROWN, DON R. § <br> FLETCHER, JOHN SMITH, BRIAN § <br> CHAVEZ, FRED LOYA INSURANCE § | NO:  MO:23-CV-00070-DC |

## ORDER DISMISSING CASE AS THREE-STRIKES BARRED

Before the Court is Plaintiff's 42 U.S.C. §1983 (§1983) civil rights case. [docket number 1]. This §1983 case was filed by a Plaintiff very familiar to this Court who is now confined in the Texas Department of Criminal Justice's Hamilton Unit in Bryan, Texas. [*Id.*]. Defendants are apparently his former court-appointed attorneys, his state court Judge, and an insurance company. [*Id.*].

According to Plaintiff Saints Infante's latest §1983 Complaint:

> The parties to be charged is "Justin W. Low" … B.J. Brown, malpractice…Don R. Fletcher…John Smith…of 2019 documented of doctrine also applicable to one who through his own negligence has contributed to "alteration" of a negotiable instrument…The "Chavez Law Firm"; "Brian Chavez" that instrumented of fraud by embezzlement with the Fred Loya Ins. Company (close-out) transmission of 2018. To utilize of unauthorized signature whom made without actual, implied, or apparent authority that is included of forgery.

[*Id.* at 2–3] (emphasis and clarification in original). Plaintiff does not ask the Court for anything tangible by way of relief. [*Id.*]. Because Plaintiff did not pay the $402.00 filing fee, the Court presumes Plaintiff seeks leave to proceed *in forma pauperis*.

28 U.S.C. §1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the

> prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claims upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A review of Plaintiff's litigation history reveals that he has filed at least three previous federal civil actions or appeals that were dismissed as frivolous or for failure to state a claim.

1. *Infante v. Music City Mall*, 7:16-CV-00093 (W.D. Tex. May 26, 2016) (dismissed as frivolous).

2. *Infante v. Unnamed Policeman and Midland County Detention Center*, 7:16-CV-00125 (W.D. Tex. Feb 6, 2017) (dismissed as frivolous).

3. *Infante v. John Doe, et al.*, 7:18-CV-26 (W.D. Tex. June 16, 2018) (dismissed as frivolous and for failure to state a claim).

Review of this complaint reflects that Plaintiff has failed to present an allegation that could show he is under imminent danger of serious physical injury. In order to meet the "imminent danger" requirement of §1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush*, No. 3:08-CV-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice—the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to §1915(g).'" *Id.* (quoting *Niebla v. Walton Corr. Inst.*, No. 3:06–CV–275–LAC–EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)); *see also Emmett v. Julye*, No. H–13–2693, 2013 WL 5537251, at *2 (S.D. Tex. Oct. 4, 2013) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297–298 (2d Cir. 2009) ("the complaint of a three-strikes litigant must reveal a nexus between the imminent

danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of §1915(g)")).

In order to invoke the exception to §1915(g), Plaintiff must recite a danger "imminent" when the complaint is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3rd Cir. 2001) (citing Webster's Dictionary for the proposition that "'[i]mminent' dangers are those dangers which are about to occur at any moment or are impending"); *see also Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008) (injury must be "imminent or occurring at the time the complaint is filed") (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). To satisfy the "imminent danger" exception, a complainant must offer "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Fuller*, 288 F. App'x at 511 (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Reliance on past injuries or harm, or offering vague or conclusory allegations, is insufficient. *Id.*; *see also Ciarpaglini*, 352 F.3d at 330; *Abdul-Akbar*, 239 F.3d at 313 ("Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent'"); and *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998). Plaintiff's current lawsuit alleges only past harms, not imminent danger, and thus failed to meet the requirement of the statute.

The Fifth Circuit has held that to avoid the bar of §1915(g), a claim of imminent danger must relate to the allegations of the complaint. *Judd v. Federal Election Commission*, 311 F. App'x 730, 2009 U.S. App. LEXIS 3464, 2009 WL 423966 (5th Cir. 2009) (allegation that prisoner was in imminent danger as a result of his medical condition and from other prisoners did not relate to the claims forming the basis of his lawsuit and thus did not invoke the exception to §1915(g)).

Additionally, prisoners cannot exempt themselves from the operation of §1915(g) by claiming that they are in imminent danger at all times and under all circumstances. *See Calton v. Wright*, No. 6:12CV344, 2012 U.S. Dist. LEXIS 107329, 2012 WL 3135682 (E.D. Tex. June 29, 2012), *report adopted at* 2012 U.S. Dist. LEXIS 107324, 2012 WL 3135675 (E.D. Tex. Aug. 1, 2012) (*citing Abdul-Akbar*, 239 F.3d at 315); *Althouse v. Murray*, No. 6:11CV608, 2011 U.S. Dist. LEXIS 153399, 2011 WL 7403058 (E.D. Tex. Nov. 18, 2011), *report adopted at* 2012 U.S. Dist. LEXIS 21230, 2012 WL 555411 (E.D. Tex. Feb. 17, 2012).

Plaintiff must offer specific facts showing that he was in imminent danger of *serious physical injury* at the time of the filing of the lawsuit. *Fuller v. Wilcox*, 288 F. App'x 509, 2008 U.S. App. LEXIS 16581, 2008 WL 2961388 (10th Cir. 2008) (*citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)) (emphasis added); *Hyder v. Obama*, No. 5:11CV26, 2011 U.S. Dist. LEXIS 31288, 2011 WL 1113496 (E.D. Tex. Mar. 24, 2011) (vague and conclusory allegations of imminent danger are not sufficient). Because he failed to do so, his lawsuit may be dismissed without an evidentiary hearing or appointment of counsel. *See, e.g., Butler v. Williams*, 476 F. App'x 300, 2012 U.S. App. LEXIS 6152, 2012 WL 987562 (5th Cir. 2012) (affirming *sua sponte* dismissal of complaint under §1915(g) without a hearing or appointment of counsel and denying appointment of counsel on appeal).

Plaintiff's allegations of past harms and his ongoing danger theory do not satisfy §1915(g). In sum, the Plaintiff's complaint fails to establish that he was under imminent danger of serious physical injury at the time of filing this complaint. *O'Guin*, 144 F.3d at 884–85; *Choyce v. Domiguez*, 160 F.3d 1068 (5th Cir. 1998). Plaintiff's claims regarding the possibility of future harm due to his disability[1] prevent the Court from finding that he is "under imminent

---

[1] "I, Saints Infante, substantiated of law to claim during the district court proceeding that 'I AM DISABLED' for the concur adjudication in establishing the affirmation." [docket number 1 at 1–2] (emphasis in original).

danger of serious physical injury" such that the three-strikes bar should be overlooked here. Plaintiff, therefore, should be barred from proceeding *in forma pauperis*. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

It is therefore **ORDERED** that Plaintiff is **DENIED** leave to proceed *in forma pauperis*, and his complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to the three-strikes rule of 28 U.S.C. §1915(g). Plaintiff's complaint may be reinstated only if, within 20 days of the filing of this Order, Plaintiff pays the full filing fee ($402.00) and simultaneously files a motion to reinstate. After 20 days, Plaintiff will be required to file an entirely new lawsuit.

It is so **ORDERED.**

**SIGNED this 5th day of May, 2023.**

**DAVID COUNTS**
**UNITED STATES DISTRICT JUDGE**